IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: CHOCOLATE CONFECTIONARY ANTITRUST LITIGATION | : MDL DOCKET NO. 1935<br>: (Civil Action No. 1:08-MDL-1935)<br>:<br>: (Judge Conner) |
| _____ | : |
| THIS DOCUMENT APPLIES TO: | : |
| ALL CASES | : |

### CASE MANAGEMENT ORDER NO. 4
### INITIAL SCHEDULING & PROCEDURAL ORDER

AND NOW, this 30th day of May 2008, upon consideration of the initial case management conference held with counsel on May 29, 2008, it is hereby ORDERED that:

1. **APPOINTMENT OF PLAINTIFFS' LEAD AND LIAISON COUNSEL.** Appointment of plaintiffs' lead and liaison counsel shall be governed by the following procedures:

    a. On or before June 10, 2008, plaintiffs shall file motions for appointment of lead and liaison counsel specifying the anticipated duties of each such representative as well as the group to which such representative is responsible. Plaintiffs' motion shall also identify local counsel for each representative's firm, unless the firm is located within or regularly practices before the Middle District of Pennsylvania. The provisions of Local Rule 7.1, which require certificates of concurrence or nonconcurrence from each party, are waived for purposes of these motions.

    b. On or before June 17, 2008, any party may file objections to the motions for appointment described in Paragraph 1.a.

2. **CONSOLIDATED COMPLAINTS.** Consolidated complaints shall be filed within thirty (30) days after appointment of counsel and shall be governed by the following procedures:

    a.    **Consolidated Complaints of Plaintiff Groups.** Counsel shall file a separate consolidated complaint for each plaintiff group. These complaints shall be deemed amended complaints for purposes of Rule 15(a)(1) of the Federal Rules of Civil Procedure. The consolidated complaint filed on behalf of each plaintiff group shall supercede the original complaints of all members of the group.

    b.    **Consolidated Complaints of Individual Plaintiffs.** Counsel for the individual plaintiffs shall file a consolidated complaint that alleges all claims advanced by the individual plaintiffs. Claims common to all individual plaintiffs shall be so noted. Claims advanced by fewer than all individual plaintiffs shall specify which individual plaintiffs assert each claim. The consolidated complaint shall be deemed an amended complaint for purposes of Rule 15(a)(1) of the Federal Rules of Civil Procedure and shall supercede the original complaint of each individual plaintiff.

    c.    **Captioning and Titling of Consolidated Complaints.** In accordance with Paragraph 3.d of Case Management Order No. 1 (Doc. 19), the caption of each consolidated complaint shall specify the individual actions to which it applies. Consolidated complaints shall be titled as follows: "**Consolidated Complaint of the Individual Plaintiffs**," substituting the appropriate plaintiff group as necessary.

3.    **MOTIONS TO DISMISS.** Motions to dismiss shall be governed by the following procedures:

    a.    **Briefing Schedule.** Motions to dismiss shall be filed in accordance with the following schedule:

        i.    Within forty-five (45) days after the filing of each amended complaint, defendants may file a motion to dismiss. A brief in support of the motion shall be filed simultaneously therewith.

        ii.    Within forty-five (45) days after the filing of a motion to dismiss, the plaintiff group (or individual plaintiffs) affected by the motion shall file a brief in opposition.

        iii.    Within twenty-one (21) days after the filing a brief in opposition, defendants may file a brief in reply.

    b.    **Length of Briefs.**  Briefs in support of and in opposition to the motions to dismiss shall not exceed fifty (50) pages in length. Reply briefs shall not exceed twenty-five (25) pages.

    c.    **Contents of Briefs.**  The contents of briefs shall be governed by Local Rule 7.8(a) except to the extent that rule is modified by Paragraph 6.a.

    d.    **Suspension of Local Rules.**  The following provisions of the Local Rules of Court are suspended for purposes of the motions to dismiss:

        i.    Local Rules 7.5, 7.6, and 7.7 to the extent that they govern time periods for the filing of briefs.

        ii.    Local Rule 7.8(b), which pertains to the length of briefs.

4. **BRIEFING OF DISCOVERY MATTERS.**  After the appointment of plaintiffs' lead and liaison counsel, counsel shall meet and confer regarding the scope and procedure for conducting preliminary discovery.  To the extent practicable, motions regarding preliminary discovery issues shall be filed and briefed during the pendency of the motions to dismiss.  Within fifteen (15) days of the filing of consolidated complaints, the parties shall apprise the court of the status of their discussions, after which the court may establish a briefing schedule for the resolution of discovery issues or take such other action as it deems appropriate.

5. **DOCUMENTATION OF DISCOVERY PRESERVATION EFFORTS.**  Counsel for all parties shall document their efforts to preserve evidence in accordance with Paragraph 7 of Case Management Order No. 1 (Doc. 19) with particular attention to the preservation of evidence stored in electronic format pending commencement of discovery.

6. **APPLICABILITY OF THE LOCAL RULES OF COURT.**  The Local Rules of Court shall govern this action except to the extent altered or suspended by order of court.  Counsel are advised that "all motions . . . shall contain a certification by counsel for the movant that he or she has sought concurrence in the motion from each party, and that it has been either given or denied."  <u>See</u> L.R. 7.1.  The following provisions of the Local Rules of Court shall be indefinitely suspended or altered during this litigation:

    a.    The provisions of Local Rule 7.8(a) are suspended as follows:

        i.    The provision requiring submission of copies of unpublished opinions referenced in a brief is suspended if the unpublished opinion is cited in Westlaw or Lexis format.  While not required, the court prefers to receive citations in Westlaw format.

        ii.    The provision requiring citation to both official and unofficial reports is suspended.  Citation to the applicable West reporter shall be sufficient for all opinions except those issued by the United States Supreme Court.  Citation of Supreme Court opinions need only reference the official United States Reports.

        iii.    All other provisions of Local Rule 7.8(a) shall remain in effect throughout this litigation.

    b.    The provisions of Local Rule 7.10 are modified to require simultaneous filing of motions for reconsideration and briefs in support thereof within the ten-day period specified in the rule.  There shall be no additional period for filing briefs in support of motions for reconsideration.

    c.    Paragraph 4 of Case Management Order No. 1 (Doc. 19), regarding waiver of the provisions of Local Rule 83.9, pertaining to association with local counsel, is modified as described in Paragraph 1 above (relating to the requirement of local counsel for each representative counsel).  All other counsel shall remain exempt from the requirements of Local Rule 83.9.

7. **ALL FUTURE ORDERS TO BE DOCKETED IN ABOVE-CAPTIONED MATTER.**  Counsel are advised that all future orders of court shall be docketed solely in the above-captioned matter and shall not appear on the dockets in the individual actions.

 

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge