IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: CHOCOLATE CONFECTIONARY ANTITRUST LITIGATION : : : _____ : : THIS DOCUMENT APPLIES TO: : : ALL CASES : | MDL DOCKET NO. 1935 (Civil Action No. 1:08-MDL-1935) (Judge Conner) |

### CASE MANAGEMENT ORDER NO. 5
### ORDER APPOINTING INTERIM LEAD AND LOCAL COUNSEL

AND NOW, this 14th day of July, 2008, upon consideration of the motions for appointment of counsel (Docs. 233, 258, 259, 276, 318, 373), it is hereby ORDERED that:

1. **APPOINTMENT OF INTERIM COUNSEL.** The following individuals are appointed as interim counsel for each plaintiff group:

    a. **DIRECT PURCHASERS.** Counsel is appointed for the direct purchasers as follows:

    i. The motion for appointment (Doc. 373) filed by Walter W. Cohen is GRANTED.

    ii. **Lead Counsel.** The following individuals and law firms shall serve as lead counsel for the direct purchasers:

    H. Laddie Montague, Jr.
    BERGER & MONTAGUE, P.C.
    1622 Locust Street
    Philadelphia, PA 19103
    (215) 875-3000

    Michael D. Hausfeld
    COHEN MILSTEIN HAUSFELD & TOLL, P.L.L.C.
    1100 New York Avenue, N.W.
    Washington, DC 20005
    (202) 408-4600

    iii.    **Local Counsel.**  The following individual shall serve as local counsel for the direct purchasers:

> Walter W. Cohen
> OBERMAYER, REBMANN, MAXWELL, & HIPPEL, LLP
> Suite 400
> 200 Locust Street
> Harrisburg, PA 17101
> (717) 234-9730

    iv.    **Executive Committee.**  The following law firms shall serve as an executive committee for the direct purchasers:

> KIRBY McINERNEY LLP
> 830 Third Avenue
> New York, NY 10022
> (212) 371-6600
>
> LABATON SUCHAROW LLP
> 140 Broadway
> New York, NY 10005
> (212) 907-0700
>
> PRETI, FLAHERTY, BELIVEAU, & PACHIOS, LLP
> One City Center
> P.O. Box 9546
> Portland, ME 04112
> (207) 791-3000
>
> RODANAST, P.C.
> 801 Estelle Drive
> Lancaster, PA 17601
> (717) 892-3000

b.    **INDIRECT BUSINESS PURCHASERS.**  Counsel is appointed for the indirect business purchasers as follows:

    i.    The motion for appointment (Doc. 258) filed by Joseph U. Metz is GRANTED.

    ii.    **Lead Counsel.**  The following individuals shall serve as

                lead counsel for the indirect business purchasers:

                      Roman M. Silberfeld
                      ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
                      2049 Century Park East, Suite 3400
                      Los Angeles , CA 90067
                      (310) 552-0130

                      Steven R. Maher
                      THE MAHER LAW FIRM
                      631 West Morse Boulevard, Suite 200
                      Winter Park, FL 32789
                      (407) 839-0866

                      Joseph U. Metz
                      DILWORTH PAXSON LLP
                      112 Market Street, Suite 800
                      Harrisburg, PA 17101
                      (717) 236-4812

        iii.    **Local Counsel.** The following individual and law firm shall serve as local counsel for the indirect business purchasers:

                      Joseph U. Metz
                      DILWORTH PAXSON LLC
                      112 Market Street, Suite 800
                      Harrisburg, PA 17101
                      (717) 236-4812

        iv.    The motion for appointment (Doc. 233) filed by W. Gordon Ball is DENIED.

        v.    The motion for appointment (Doc. 318) filed by Michael Flannery is DENIED.

    c.    **INDIRECT END USERS.** Counsel is appointed for the indirect end users as follows:

        i.    The motion for appointment (Doc. 276) filed by James J. McCarthy, Jr. is GRANTED.

        ii.    **Lead Counsel.** The following individuals and law firms

shall serve as lead counsel for the indirect end users:

>Christopher Lovell
>LOVELL STEWART HALEBIAN LLP
>500 Fifth Avenue, Floor 58
>New York, NY 10110
>(212) 608-1900
>
>Steven F. Benz
>KELLOGG, HUBER, HANSEN, TODD,
>EVANS & FIGEL, P.L.L.C.
>Sumner Square
>1615 M Street N.W., Suite 400
>Washington, DC 20036
>(202) 326-7929

    iii.    **Local Counsel.** The following individual shall serve as local counsel for the indirect end users:

>James J. McCarthy, Jr.
>McCARTHY WEISBERG CUMMINGS, P.C.
>2041 Herr Street
>Harrisburg, PA 17103
>(717) 238-5707

  d.    **INDIVIDUAL PLAINTIFFS.** Counsel is appointed for the individual plaintiffs as follows:

    i.    The motion for appointment (Doc. 259) filed by Steve D. Shadowen is GRANTED.

    ii.    **Liaison Counsel.** The following individual shall serve as liaison counsel for the individual plaintiffs:

>Steve D. Shadowen
>HANGLEY ARONCHICK SEGAL & PUDLIN
>30 North Third Street, Suite 700
>Harrisburg, PA 17101
>(717) 364-1032

2.    **ROLE OF COUNSEL.** Counsel appointed in the preceding paragraph

shall serve the following functions:

a. **DUTIES OF LEAD COUNSEL.** Lead counsel shall perform at least the following functions on behalf of their respective plaintiff groups:

   i. Supervising all pretrial, trial, and post-trial proceedings.

   ii. Preparing, filing, and signing all pleadings, motions, and briefs on behalf of plaintiffs and responding to such documents filed by defendants.

   iii. Designating attorneys to act as spokespersons during pretrial conferences and other court proceedings.

   iv. Conducting discovery, including the retention of expert witnesses. Lead counsel for the plaintiff groups shall confer with one another to plan discovery in a manner that minimizes duplicative depositions and other discovery requests.

   v. Convening meetings among plaintiffs' counsel and appearing on behalf of plaintiffs at court hearings and conferences.

   vi. Preparing monthly cost reports as required by Paragraph 3 and transmitting them to defendants' counsel.

   vii. Delegating workload among plaintiffs' counsel.

   viii. Negotiating and entering into stipulations with defense counsel with regard to all matters arising during this litigation, including matters such as discovery, mediation, and settlement negotiations.

   ix. Communicating with defense counsel and the court as necessary to promote the efficient resolution of this matter.

b. **DUTIES OF LOCAL COUNSEL (LIAISON COUNSEL FOR THE INDIVIDUAL PLAINTIFFS).** Local counsel (and liaison counsel for the individual plaintiffs) shall perform at least the following functions:

   i. **Document Distribution**. Local counsel (liaison counsel for the individual plaintiffs) shall perform the functions described in Rule 5.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation regarding receipt of orders and notices issued by the Panel. Local/liaison counsel shall distribute documents received from the Panel to at least one attorney representing each party within counsel's respective plaintiff group. <u>**Local/liaison counsel shall not be required to distribute copies of court documents that are filed or issued via ECF.**</u> Counsel who wish to receive notice of such documents must register for the court's Electronic Case Filing ("ECF") system, as required by Paragraph 3 of Case Management Order No. 1 (Doc. 19). Counsel are advised that they must appear on the docket as "Attorney to Be Noticed" in order to receive automatic electronic notice of court filings.

   ii. **Document Retention.** Local counsel (liaison counsel for the individual plaintiffs) shall maintain files of all documents served upon them in the above-captioned matter. Such documents shall be made available to all members of counsel's plaintiff group upon reasonable request unless the documents requested are available at a document repository.

   iii. **Substitute Lead Counsel.** Unless otherwise directed by the court, local counsel (liaison counsel for the individual plaintiffs) shall attend all court proceedings. In the absence of lead counsel, the court will expect local counsel to assume the duties and responsibilities of lead counsel at any court proceeding.

c. **DUTIES OF THE EXECUTIVE COMMITTEE FOR THE DIRECT PURCHASER PLAINTIFFS.** The executive committee for the direct purchaser plaintiffs shall perform at least the following functions:

      i. The executive committee shall consult from time to time with lead counsel for the direct purchaser plaintiffs regarding pretrial activities and trial preparation.

      ii. The executive committee may perform any other function assigned by lead counsel for the direct purchaser plaintiffs.

   d. **PROVISIONS HEREOF NOT RESTRICTIVE.** Nothing contained in Paragraphs 2.a–2.c shall prevent lead or local/liaison counsel from performing any litigation function as the parties deem appropriate in light of the evolving status of this matter.

3. **MONTHLY COST REPORTS.** Lead counsel for each plaintiff group shall prepare monthly cost reports summarizing all fees and expenses incurred as a result of this matter. Reports shall be served upon defendants' counsel on or before the tenth day of each month and shall enumerate all tasks performed during the preceding calendar month. Reports shall list the number of hours expended on each task, the ordinary billing rate of the individual(s) responsible for it, and the total cost of its completion. Reports shall also include monthly and aggregate totals of all time, fees, and expenses incurred through the last day of the preceding month. The first such report shall be due on September 10, 2008. The reports required by this paragraph shall not be placed on the docket unless the court directs otherwise.

4. **PRESERVATION OF PRIVILEGES.** No communication among plaintiffs' counsel (whether within or between plaintiff groups) or among defendants' counsel shall be construed as a waiver of any privilege or protection to which the communication would otherwise be subject.

5. **COMMENCEMENT OF CASE MANAGEMENT SCHEDULE.** Lead counsel appointed hereinabove are advised that all deadlines established by Case Management Order No. 4 (Doc. 225) shall commence upon the date of this order.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge