## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CHOCOLATE | : | MDL DOCKET NO. 1935 |
| CONFECTIONARY ANTITRUST | : | (Civil Action No. 1:08-MDL-1935) |
| LITIGATION | : | |
| _____ : | | (Judge Conner) |
| | : | |
| THIS DOCUMENT APPLIES TO: | : | |
| | : | |
| ALL CASES | : | |

## CASE MANAGEMENT ORDER NO. 7
## PROTECTIVE ORDER

AND NOW, this 19th day of December, 2008, upon consideration of the joint

proposed stipulation and protective order (Doc. 547) submitted by the parties, it is

hereby ORDERED that the same is ADOPTED in its entirety (as attached hereto)

and shall constitute an order of the court.


  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

1. <u>PURPOSE</u>

Through their undersigned counsel, the parties hereby stipulate and agree as follows:

1.      This stipulated Protective Order governs the use and handling of documents and other information produced or otherwise supplied by each defendant and each plaintiff and any other individual or entity, including non-parties in this litigation.

2. <u>DEFINITIONS</u>

2.1.    <u>Certificate of Compliance</u>:    A certificate of compliance with this Protective Order, and acknowledgement and agreement to be bound by it, in the form set forth in Exhibit "A" attached hereto.

2.2.    <u>"Confidential" Information</u>:    Discovery Material that qualifies for protection under Federal Rule of Civil Procedure 26(c).   Further, all documents and information furnished by a party in conjunction with this litigation which contain or are derived from trade secrets or other confidential research, development, commercial or other non-public information of current commercial value may be designated CONFIDENTIAL by said party and furnished to the other parties pursuant to the terms of this Order.   The party receiving designated Confidential Information shall treat it as proprietary information and shall not use or disclose the information except for the purposes set forth in this Order or by such orders as may be issued by the Court during the course of this litigation.

2.3.   Counsel (without qualifier):  Outside Counsel and In-House Counsel.

2.4.   Designating Party:  A Party or non-party who designates Discovery Material as "Confidential" or "Highly Confidential" (or their equivalents).

2.5.   Discovery Material:  All information, regardless of the medium or manner generated, stored, or maintained (including, among other things, electronically stored information, testimony, transcripts, or tangible things), that are produced in, or created for the purpose of, disclosures or responses to discovery in this action.

2.6.   Expert:  A person who is not a current employee of a Party and has been retained by a Party or Counsel to serve as an expert witness or as a consultant in this action, including without limitation a professional jury or trial consultant retained in connection with this action.

2.7.   "Highly Confidential" Information:  All documents and information described in Paragraph 2.2 as Confidential Information and which a party believes to be of a highly sensitive commercial nature, such as certain documents or information reflecting, containing or derived from current confidential trade secrets, research, development, pricing, production, cost, marketing or customer information, disclosure of which could create an elevated risk of commercial or competitive harm, may be designated "Highly Confidential" by said party and furnished to the other parties pursuant to the terms of this Order.

A party may designate as "Confidential" or "Highly Confidential" information contained in documents that are in the possession of a third party if the documents contain the party's "Confidential" or "Highly Confidential" information. The provisions of this Order extend to all designated "Confidential" or "Highly Confidential" information produced in discovery in this action or actions.

2.8.  <u>In-House Counsel</u>:  Attorneys who are employees of a Party who are involved in the prosecution or defense of this litigation, and their paralegals, secretarial and clerical assistants.

2.9.  <u>Legend</u>: The designation affixed to or appearing on Protected Materials (*i.e.*, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or their equivalents).

2.10. <u>Outside Counsel</u>:  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in connection with this action, together with the legal counsel and clerical or other support staff who are employed by such attorneys.

2.11. <u>Party:</u>  Any party to this action, including all of its officers, directors, and employees.

2.12. <u>Protected Material</u>:  Any Discovery Material that is designated as "Confidential" or as "Highly Confidential" or their equivalents.

3

2.13. <u>Producing Party</u>:   A Party or non-party that produces Discovery Material in this action.

2.14. <u>Receiving Party</u>:   A Party or non-party that receives Discovery Material from a Producing Party directly or indirectly through a disclosure or discovery in this action.

2.15. <u>Vendors</u>:  Persons or entities other than Outside Counsel that provide litigation support services (*e.g.*, deposition stenography; photocopying; videotaping; translating; preparing exhibits or demonstrations; data management, including organizing, storing, or retrieving data in any form or medium; etc.), together with their employees and subcontractors.

3. <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material, but also any information copied or extracted from Protected Material, as well as all copies, excerpts, summaries, or compilations thereof, including without limitation testimony, conversations, or presentations and submissions by Parties or Counsel to the Court, as well as other settings, that contain or could reveal Protected Material.

4. <u>DURATION</u>

All obligations and duties arising under this Protective Order and under any Certificate of Compliance executed pursuant to this Order shall survive the

termination of this action unless the Designating Party agrees otherwise in writing or the Court otherwise orders.

5.  DESIGNATING PROTECTED MATERIAL

    5.1.  Exercise of Restraint and Care.  Each Producing Party that designates information for protection under this Order shall limit any such designation to information that qualifies for protection under applicable law.  If it comes to a Producing Party's attention that information it has designated for protection does not qualify for protection at all, or does not qualify for the level of protection initially designated, the Producing Party shall promptly notify all other parties that it is correcting the mistaken designation.

    5.2.  Manner and Timing.  Except as otherwise provided in this Order (*see e.g.*, section 5.2(a), below), or as otherwise stipulated by the Parties or ordered by the Court, Discovery Material that qualifies for protection under this Order must be clearly designated as such before it is disclosed or produced.  Designation requires the following:

        (a)  For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the Legend (*i.e.*, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") on each page that contains Protected Material.  A Party or non-party that makes Discovery Material available for inspection need not designate them for protection until after

the inspecting Party has indicated which documents or other materials it would like copied and produced. During the inspection and before the designation, all Discovery Material made available for inspection shall be deemed "Highly Confidential" information unless otherwise designated at the time of inspection. After the inspecting Party has identified the documents or other materials it wants copied and produced, the Producing Party must determine the extent to which requested materials contain information that qualifies for protection under this Order and, before production, must affix the appropriate Legend on each page of any document that contains Protected Material in accordance with this paragraph 5.2(a).

(b)     <u>For testimony given in deposition</u>, all such testimony shall initially be deemed "Highly Confidential." The Party or non-party providing or sponsoring the testimony shall have thirty (30) days after the court reporter issues the final transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted (*i.e.*, "Confidential" or "Highly Confidential"). Only those portions of the testimony that are appropriately designated for protection within the thirty (30) days shall remain covered by the provisions of this Order.

(c)     <u>For testimony given in other pretrial or trial proceedings</u>, that the Party or non-party providing or sponsoring the testimony identify on the

record, before the close of the hearing, or other proceeding, all protected testimony and the level of protection being asserted (*i.e.*, "Confidential" or "Highly Confidential"). When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors or provides the testimony may invoke on the record a right to have up to thirty (30) days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the thirty (30) days shall be covered by the provisions of this Order.

(d)    <u>For information produced in some form other than documentary evidence</u>, that the Producing Party affix the Legend in a prominent place on the exterior of the item, or the container or containers in which the item is stored. If only portions of the item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions with the appropriate Legend.

(e)    To the extent that information is produced in a form rendering it impractical to label (including information stored in native format or other electronically stored information produced on electronic or magnetic media) ("Computerized Material"), the Producing Party may designate such material consistent with this Protective Order, by cover letter referring generally to such

7

matter or by affixing to such media a label containing the appropriate Legend. Whenever a Receiving Party reduces electronically stored information designated under this Protective Order as either Confidential or Highly Confidential to hard-copy form, the Receiving Party shall mark such hard-copy form with the legend provided for in paragraph 2.9 above. Whenever any Confidential or Highly Confidential Computerized Material is copied into another form, the Receiving Party shall also mark those forms with the Legend provided for in paragraph 2.9 above.

(f)    To the extent that any Receiving Party or counsel for the Receiving Party creates, develops, or otherwise establishes or maintains for review on any electronic system Discovery Material designated Confidential or Highly Confidential, that party and/or its counsel must take all reasonable steps to ensure that access to such media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential or Highly Confidential Discovery Material, and will affix to any media containing such Discovery Material, such as a DVD, with a label with the Legend as provided for in paragraph 2.9 above.

5.3    <u>Inadvertent Failure to Designate</u>. Subject to the provisions of section 9.2 below, any Discovery Material produced by a Party or non-party that should have been designated Protected Material but is inadvertently produced without the Legend may subsequently be designated as Protected Material. Any party that

seeks to so designate Discovery Material already produced must, within thirty days (30) days after discovering the inadvertent production, provide, at its own expense, substitute Discovery Material bearing the Legend.  Upon receipt of the substituted Discovery Material, each Receiving Party must return or destroy all copies of the undesignated Discovery Material and confirm, in a letter to Outside Counsel for the Producing Party, that it has done so.

     5.4    <u>Inadvertent production</u>.  If a Receiving Party reasonably believes in good faith that a Producing Party has inadvertently produced privileged documents, the Receiving Party will notify the Producing Party of such inadvertent production within ten (10) business days of the Receiving Party's discovery of such production.  Inadvertent production of any document produced in response to discovery requests in this action by any Party or non-party, that a Party or non-party later claims should have been withheld on grounds of a privilege, including the work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document") will not be deemed to waive any privilege or work product protection.  A Party or non-party may request the return of any document ("Notice of Recall") that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production, within ten business days of discovery of the

inadvertent production.  The procedure for handling Inadvertently Produced Privileged Documents shall be as follows:

(a)    Once a Notice of Recall of an Inadvertently Produced Privileged Document is issued by the Producing Party, the Producing Party shall provide to the Receiving Party the privilege log pertaining to the inadvertently produced documents at the latest within 10 business days of the Notice of Recall. If recall involves redaction of the inadvertently produced document, the redacted version of the document shall be provided simultaneously with a privilege log that includes the information required by Fed. R. Civ. P. 26(b)(5)(A) and the identification of (i) all recipients of the document as reflected on the document and in that document's metadata, if applicable, and (ii) the files or sources from which the document was collected.  If the Producing Party fails to provide a privilege log pertaining to the inadvertently produced documents within the prescribed period absent any agreement to the contrary, any claim of privilege as to the documents identified in the Notice of Recall is waived.

(b)    Upon receipt of the Notice of Recall, the Receiving Party must immediately return or destroy the recalled document(s) and refrain from reviewing the same for any purpose, provided, however, that if the documents recalled have already been reviewed and the Receiving Party has a good faith basis to challenge the validity of the claim of privilege, counsel may sequester copies of the recalled

documents and any related work product as described below pending the conclusion of any such dispute. Each Plaintiff group may sequester up to three copies of a recalled document; provided, however, that Designated Counsel (defined below) for the Receiving Party may review the recalled document(s) and any work product referring to the information contained in any recalled document only for the purposes of determining whether to file a motion to challenge the claim of privilege and for challenging the claim of privilege by motion. Each Defendant may sequester up to four copies of a recalled document. All other hard copies of a recalled document must be destroyed after a Notice of Recall. All electronic copies maintained on a database shall be rendered unviewable pending the resolution of any dispute as to the recalled documents.

(c)     Within 10 business days of receipt of the privilege log for a recalled document, the Receiving Party may request a meet and confer to discuss the appropriateness of the privilege claim. If the Receiving Party does not request a meet and confer within the allotted time period, it waives any right to challenge the privilege claim and must certify destruction of the document as set forth in subparagraph (i) below.

(d)     If the Receiving Party requests a meet and confer to discuss the assertion of privilege, the parties shall meet promptly and, in no case, later than 5 business days after Receiving Party's request for a meet and confer.

(e)     If, after compliance with the foregoing steps (a) through (d), the Receiving Party concludes that it disputes the validity of the claim of privilege, it shall promptly notify the Producing Party in writing.  The Receiving Party may attach the recalled document(s) for *in camera* review with its motion, which, absent agreement of the parties or order of the Court, must be filed within 10 business days of the written notification.  Unless otherwise agreed by the parties or ordered by the Court, all such motions shall be made on notice, with briefing schedule and page limits agreed by the parties or set by the Court.  If the Receiving Party does not file a motion within the 10-day period after notification, the Receiving Party must certify destruction of the recalled document no later than 3 business days after the expiration of the 10-day period.

(f)     Designated Counsel are those counsel designated by each side to review the recalled document(s) to challenge a claim of privilege.  A maximum of four attorneys per side may be so designated.  Each side may appoint different Designated Counsel for each Notice of Recall.

(g)     Unless the Receiving Party's motion to compel is successful or the privilege claim is withdrawn, the Receiving Party may make no use of a recalled document or any work product referring to the information contained in any recalled document for any purpose other than challenging claims of privilege.

(h)    If the recall of a document is made during the taking of a deposition or shortly before the occurrence of a deposition, the examining counsel and defending counsel shall meet and confer in good faith at the earliest possible opportunity to determine appropriate steps under the circumstances, consistent with this protocol and the Protective Order.  In the event the claim of privilege is withdrawn or the Court determines the document to be not subject to a valid claim of privilege, if examining counsel and defending counsel do not agree otherwise, the Court shall determine any appropriate remedy, including whether and to what extent a reopening of the deposition may be necessary.

(i) Within three (3) business days of a Receiving Party's obligation to destroy; its failure to timely challenge a claim of privilege as provided herein; its withdrawal of such a challenge; or an Order of the Court denying the Receiving Party's motion to compel, the Receiving Party shall destroy and delete all copies, paper or electronic, of the information and document, purge the information and document from any work product, and certify in writing that these tasks have been completed.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Right to Challenge</u>.  A Receiving Party may, at any time after the production or disclosure of Protected Material, move the Court for an order determining that information designated as Protected Material does not qualify for

protection at all, or does not qualify for the level of protection designated subject to the provisions below.  Neither the designation of information as Protected Material nor the failure of a Receiving Party to object to such a designation shall be deemed relevant in determining whether the Discovery Material is appropriate for protection under this Order.

6.2    <u>Protection Pending Challenge</u>.    In the event a Receiving Party challenges any designation of information as Protected Material, such information shall be deemed covered by this Order, entitled to the level of protection as asserted by the Designating Party, unless and until the Court orders otherwise.

6.3    <u>Meet and Confer</u>.  A Receiving Party that elects to initiate a challenge to a Designating Party's assertion of protection under this Order must do so in writing to the Designating Party.  The challenging party must explain the basis for its position that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the asserted designation.  Following written notice to a Designating Party of a challenge, the parties shall have twenty (20) days to attempt an informal resolution of the dispute.    If attempts at an informal resolution prove unsuccessful, the challenging party shall then submit its objection to the Court, in accordance with section 6.4, below, within thirty (30) days thereafter.  If, prior to the expiration of

the twenty-day informal resolution period, the parties agree that the matter cannot be resolved without court intervention, then the challenging party, in its discretion, need not wait for the full twenty days of the informal resolution period to elapse before submitting its objections to the Court.

6.4.    <u>Judicial Resolution</u>.  A Receiving Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a noticed motion under Civil Local Rules 5.4(c) and 26.3 that identifies the challenged material and sets forth in detail the basis for the challenge.  Such a motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in section 6.3, above, and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.  In any such motion, the Designating Party shall have the burden to establish that the information has been appropriately designated as Protected Material under the terms of this Order and applicable law.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1.    <u>Basic Principles</u>.  Except as otherwise provided in this Order (*e.g.* section 7.7, below), or as otherwise stipulated by the parties or ordered by the Court, a Receiving Party may only use Discovery Material that is disclosed or produced by another Party or by a non-party in connection with, and as necessary

15

to, the preparation and trial of this action, any related appellate proceedings, or efforts to mediate or settle this action, and not for any other purposes, including without limitation any other litigation or any business, competitive, or governmental purpose or function. Protected Material may be disclosed only to those persons and under the conditions set forth in this Order. When this action has concluded, a Receiving Party must return or destroy all Discovery Material pursuant to the provisions of section 12 below.

7.2. <u>Disclosure of "CONFIDENTIAL" Information</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Confidential Information only to:

(a) the Court and its personnel under seal;

(b) any mediator(s) engaged by the Parties in this action;

(c) court reporters who record depositions or other testimony in this litigation;

(d) Outside and In-house Counsel;

(e) any putative class representative or named plaintiff in the litigation, and employees of any Party that is a corporate entity who are actively assisting counsel in the defense or prosecution of this litigation;

(f) current employees, officers and directors of the Producing Party;

(g)     former employees of the Producing Party at deposition if such former employees are known with reasonable certainty to have prior knowledge of the specific "Confidential" information to be disclosed;

(h)     third-party consultants and independent experts, as well as employees of such expert or consultant, to the extent it is necessary that the Discovery Material be shown to them for purposes of assisting counsel in this Litigation or during any deposition of such expert or consultant;

(i)     any individual expressly identified in the particular Discovery Material as having authored, received or having specific knowledge of the information contained in that Discovery Material;

(j)     any actual witness at a deposition in this litigation, and the counsel representing the witness in connection with  such a deposition, but only to the extent that, and no sooner than, the disclosing counsel determines in good faith that such disclosure is necessary for purposes of asking questions at the deposition;

(k)     Vendors to whom it is necessary to disclose Protected Material for the purpose of assisting Outside Counsel in this action; and

(l)     any other person upon the written agreement of the Designating Party that designated the Discovery Material as "Confidential" (which agreement may be recorded in a deposition or other transcript), or pursuant to court order after a regularly-noticed motion.

7.3     Disclosure of "HIGHLY CONFIDENTIAL" Information.     Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose "Highly Confidential" Information only to:

(a)  the Court and its personnel under seal;

(b)  any mediator(s) engaged by the Parties in this action;

(c)  court reporters who record depositions or other testimony in this litigation;

(d)  Outside Counsel for the parties;

(e)  current employees, officers and directors of the Producing Party;

(f)  former employees of the Producing Party at deposition if such former employees are known with reasonable certainty to have prior knowledge of the specific "Highly Confidential" information to be disclosed;

(g) third-party consultants and independent experts, as well as employees of such expert or consultant, to the extent it is necessary that the "Highly Confidential" Discovery Material be shown to them for purposes of assisting counsel in this litigation or during any deposition or such expert or consultant;

(h) any individual expressly identified in the particular Discovery Material as having authored, received or having specific knowledge of the information contained in that Discovery Material;

(i) any actual witness at a deposition in this litigation, and the counsel representing the witness in connection with such a deposition, but only to the extent that, and no sooner than, the disclosing counsel determines in good faith that such disclosure is necessary for purposes of asking questions at the deposition;

(j) Vendors to whom it is necessary to disclose Protected Material for the purpose of assisting Outside Counsel of record in this action; and

(k) any other person upon the written agreement of the Designating Party that designated the Discovery Material as "Highly Confidential" (which agreement may be recorded in a deposition or other transcript), or pursuant to a court order after a regularly-noticed motion.

7.4    <u>Notice Provision</u>.  If any Party intends to disclose any "Confidential" or "Highly Confidential" information to a witness pursuant to paragraphs 7.2(j) and or 7.3(i) above at a deposition, and such witness would not otherwise be entitled to access to such "Confidential" or "Highly Confidential" information, counsel for the Disclosing Party shall provide written notice to the Producing Party and/or the Designating Party of the intention to so disclose the source of or the specific document containing the "Confidential" or "Highly Confidential" information at least four (4) business days prior to such intended disclosure.  If the Producing Party or Designating Party objects to such disclosure, then the Producing Party or Designating Party shall issue a written objection to the counsel

intending to make such disclosure within two (2) business days of receiving written notice of the intent to disclose. In the event that the Producing Party or Designating Party issues a written objection, then the Producing Party or Designating Party may not use such "Confidential" or "Highly Confidential" information with such witness. If the objection by the Producing Party or Designating Party is not resolved, either by agreement or court order, prior to the scheduled commencement of the deposition, the party taking the deposition must provide notice at least twenty-four hours prior to the start of the deposition whether it will either: (i) proceed with the deposition as scheduled without the right to disclose the objected to material to the witness or (ii) adjourn the deposition to another mutually agreeable date in order to allow time for resolution of the Producing Party's or Designating Party's objection. Unless the parties otherwise resolve their disagreements, the party intending to disclose shall make the appropriate regularly noticed motion to the Court as soon as practicable and may not disclose the information to such witness absent an order of the Court permitting same. In the event that the Producing Party or Designating Party does not object to such disclosure, then the Disclosing Party shall (i) endeavor in good faith to handle the Confidential or Highly Confidential Information in such a manner as to disclose no more of the Confidential or Highly Information than is necessary in order to examine the witness; and (ii) the witness is not permitted to retain the

Confidential or Highly Confidential Information after the witness is examined regarding the Confidential or Highly Confidential Information.  Moreover, counsel for each party representing any such deposition witness shall have responsibility for supplying this Order to that witness before the deposition and attempting to obtain his or her execution of the Certificate of Compliance.  Any witnesses not represented by a party's counsel shall be provided with a copy of this Order at the start of the examination, and shall be advised on the record that he or she is subject to sanctions for violating the terms of this Order.

7.5    Certificate of Compliance.  Before any person described in paragraphs 7.2 (e), (h), (k) and (l), and 7.3(g), (j) and (k) is given access to "Confidential" or "Highly Confidential" information, such persons shall be provided with a copy of this Order and shall execute a Certificate of Compliance.  Outside Counsel shall retain the original copy of executed Certificates of Compliance and need not disclose who has executed certificates during the course of this action, unless a dispute arises as to the dissemination of Protected Material to persons other than those identified as authorized under this Order.

7.6    Use by Designating Party.  Nothing in this Order affects or restricts the manner in which information that is designated Protected Material is or may be used by the Designating Party.  Such use shall not waive the protections of this Order and shall not entitle other Parties or non-parties to use or disclose such

information in violation of this Order, except that if the Designating Party uses such materials in a manner that is inconsistent with its treatment as Protected Material (such as disseminating the information publicly), then any Receiving Party wishing to challenge the continued treatment of the information as Protected Material in this action may do so pursuant to section 6, above.

7.7     <u>Limitations on Use of Protected Material</u>.  Nothing in this Order shall prevent the disclosure or use of Protected Material in a manner otherwise consistent with this Order where:

(a)     the Designating Party withdraws, in writing or on the record of this action, its designation that such information is Protected Material;

(b)     the Designating Party consents, in writing or on the record of this action, to a conditional disclosure or use of Protected Material that differs from the terms of this Order;

(c)     the Court orders Protected Material released from the restrictions of this Order; or

(d)     a Party obtains information that has been designated Protected Material from a source other than the Designating Party, and such information is obtained without limitations on its disclosure, such as a confidentiality agreement or other limitation, similar to those contained in this Order.

7.8    <u>Legal Advice</u>.  Notwithstanding any other provisions of this Order, it shall not be deemed to prevent any Outside Counsel of record in this action, in the course of rendering advice to his or her client(s) with respect to this action, from conveying to any necessary Party representative his or her general evaluation of Protected Material where such information is material to the scope of the attorney's representation of his or her client.   In rendering such advice and otherwise communicating with his or her client, however, Outside Counsel shall not disclose the specific contents of any Protected Material where prohibited by the terms of this Order.

7.9    Nothing herein shall restrict or limit the use of information or documents designated as "Confidential" or "Highly Confidential" at any hearing or trial.   Prior to any hearing or trial at which the use of such information or documents is anticipated, the parties shall meet and confer regarding the use of confidential materials containing such designations. If the parties cannot agree, the parties shall promptly request the Court to rule on such procedures.

8.    <u>PROTECTED MATERIAL SOUGHT IN OTHER LITIGATION</u>

In the event a Receiving Party is served with a subpoena or order issued in other litigation that would compel the production or disclosure of any Protected Material, the Receiving Party must notify the Designating Party, in writing (and by fax or email, if possible) immediately, and in no event more than seven (7) court

days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the person who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order, and deliver a copy of this Order promptly to such person.

The purpose of imposing these duties on a Receiving Party is to alert the interested parties to the existence of this Order and to afford the Designating Party an opportunity to protect its interests in the forum where the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material.

Nothing in this order should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

9.    NON-PARTY DISCLOSURES/DESIGNATIONS

9.1.    In the event that the Designating Party is a non-party to this action, despite the identity of the Producing Party, any challenges to the designation of Discovery Materials as Protected Material under this Order pursuant to section 6, above, shall require the Receiving Party to direct its challenge, including the meet and confer requirements of section 6.3 and the motion covered by section 6.4, to such Designating Party.  To the extent the identity of the Designating Party and the

Producing Party are different, copies of all written notices sent pursuant to section 6 shall be sent to Outside Counsel for the Producing Party.

9.2.   In the event that Discovery Material is produced by a non-party that: (i) contains information duplicative of that contained in Protected Material already produced by a party and designated as such in the action; or (ii) contains information relating to a party that qualifies as Protected Material under this Order, that party may designate such Discovery Materials as protected under this Order even if they were not so designated by the Producing Party.  A party's designation of Discovery Materials produced by a non-party as Protected Material shall be made, within thirty (30) days of the production, by sending written notice to Outside Counsel for all parties listing: (a) the documents or other material by production control number(s) or, if none, a description of the documents or other material sufficiently detailed to make that Discovery Material readily identifiable; and (b) for each document or other material, the designation being made (*i.e.*, "Confidential" or "Highly Confidential").

10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify in writing the Producing Party and, if different, the Designating Party of the unauthorized

disclosures, (b) use its best efforts to retrieve all copies of the Protected Material (and, if the Protected Material was filed with the Court by the Receiving Party, move the Court under Civil Local Rule 5.8 to have the Protected Material filed under seal), (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.    FILING PROTECTED MATERIAL

Any document that is filed with the Court that reveals or discloses any Protected Material, unless the Parties otherwise agree in writing or the Court otherwise orders, shall be submitted in strict compliance with the procedures set forth in Civil Local Rule 5.8.

## 12.    FINAL DISPOSITION

Unless otherwise ordered by the Court or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Discovery Material to the Producing Party.  As used in this section, "all Discovery Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Discovery Material.  At the Receiving Party's option, it may destroy some or all of the Discovery Material instead of returning it.  Whether the Discovery Material is

returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Discovery Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Discovery Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Discovery Material. Any such archival copies that contain or constitute Discovery Material remain subject to this Order as set forth in section 4, above.

13.    <u>MISCELLANEOUS</u>

13.1.    <u>Additional Parties</u>.  Any Party named, served and appearing in this action after the date this Order is entered shall be bound by its terms, effective once the Order has been served upon such Party, unless the Court orders otherwise on good cause shown.  Any Party who causes another Party to be added to this action after the entry of this Order shall serve that new Party with a copy of this Order and any subsequent amendments to it at the time it serves its pleading and summons.

13.2 Further  Amendment.  Except as otherwise provided in this Order, its

terms may be amended only by written stipulation of the Parties or by order of the

Court, on noticed motion, for good cause shown.

IT IS SO STIPULATED.

Dated:  December 12, 2008              Respectfully submitted,

*/s/ Walter W. Cohen*

Walter W. Cohen
**OBERMAYER REBMANN
MAXWELL & HIPPEL LLP**
200 Locust Street, Suite 400
Harrisburg, PA 17101
(717) 234-9730

*Local Counsel for the Direct Purchaser Plaintiffs*

*/s/ H. Laddie Montague, Jr.*
H. Laddie Montague, Jr.
Ruthanne Gordon
**BERGER & MONTAGUE, P.C**.
1622 Locust Street
Philadelphia, PA  19103
(215) 875-3000

*Co-Lead Counsel for Direct Purchaser Plaintiffs*

 /s/ Roman M. Silberfeld
Roman M. Silberfeld
Bernice Conn
**ROBINS, KAPLAN, MILLER**
 **& CIRESI L.L.P.**
2049 Century Park East, Suite 3400
Los Angeles, CA  90067
(310) 552-0130

 /s/ Joseph U. Metz
Joseph U. Metz
**DILWORTH PAXSON LLP**
112 Market Street, Suite 800
Harrisburg, PA  17101
(717) 236-4812

/s/ Steven R. Maher
Steven R. Maher
**THE MAHER LAW FIRM**
631 West Morse Boulevard
Suite 200
Winter Park, FL  32789
(407) 839-0866

*Lead Counsel for the Indirect Business Purchaser Plaintiffs*

 /s/ Christopher Lovell
Christopher Lovell
Peggy L. Wedgworth
**LOVELL STEWART**
**HALEBIAN LLP**
500 Fifth Avenue, Floor 58
New York, NY 10110
(212) 608-1900

/s/ Steven F. Benz
Steven F. Benz
**KELLOGG, HUBER,**
**HANSEN, TODD, EVANS**
 **& FIGEL, P.L.L.C.**
Sumner Square
1615 M Street, N.W., Suite 400
Washington, DC  20036
(202) 326-7929

*Lead Counsel for the Indirect End User Plaintiffs*

29

 /s/ Steve D. Shadowen
Steve D. Shadowen
Joseph T. Lukens
**HANGLEY ARONCHICK SEGAL
& PUDLIN**
30 North Third Street, Suite
700  Harrisburg, PA  17101
(717) 364-1032

*Liaison Counsel for the Individual Plaintiffs*

 /s/ David E. Lehman
David E. Lehman
Alan R. Boynton, Jr.
Kimberly M. Colonna
**MCNEES WALLACE
 & NURICK LLC**
100 Pine Street, P.O. Box 1166
Harrisburg, PA  17108
(717) 232-8000

 /s/ Michael A. Finio
Michael A. Finio
**SAUL EWING LLP**
PNI Plaza, 2nd Floor
2 North Second Street
Harrisburg, PA 17101
(717) 238-7671

 /s/ Peter E. Moll
Peter E. Moll
Roxann E. Henry
**HOWREY LLP**
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 383-6503

*Counsel for Nestle U.S.A., Inc.*

 /s/ Thomas D. Yannucci
Thomas D. Yannucci
Craig S. Primis
**KIRKLAND & ELLIS LLP**
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

*Counsel for The Hershey Company and Hershey Canada, Inc.*

 /s/ Thomas S. Brown
Thomas S. Brown
Frederick E. Blakelock
**GIBBONS P.C.**
1700 Two Logan Square
18th and Arch Streets
Philadelphia, PA  19103
(215) 446-6231

 /s/ Stefan M. Meisner
Stefan M. Meisner
Nicole L. Castle
**MCDERMOTT WILL**
 **& EMERY LLP**
600 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 756-8000

 /s/ David Marx, Jr.
David Marx, Jr.
**MCDERMOTT WILL**
 **& EMERY LLP**
227 West Monroe Street
Suite 400
Chicago, IL  60606
(312) 984-7668

*Counsel for Mars, Inc., Mars Snackfood U.S. LLC, and Mars Canada, Inc.*

 /s/ Bridget E. Montgomery
Bridget E. Montgomery
**ECKERT SEAMANS CHERIN**
 **& MELLOTT, LLC**
213 Market Street, 8th Floor
Harrisburg, PA  17101
(717) 237-6054

 /s/ Dennis P. Orr
Dennis P. Orr
Thomas M. Mueller
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, NY 10104
(212) 468-8161

*Counsel for Cadbury Holdings Ltd., Cadbury plc,*
*and Cadbury Adams Canada, Inc.*

## <u>ORDER</u>

Based on the foregoing stipulation of the parties, and good cause having

been shown therefore,

IT IS SO ORDERED.

Dated: December 19, 2008           By:   S/ Christopher C. Conner   
                                   Hon. Christopher Conner
                                   United Stated District Court Judge

# EXHIBIT A

## CERTIFICATE OF COMPLIANCE:

## ACKNOWLEDGMENT OF PROTECTIVE ORDER
## AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of

_____ [print or  type full address],

declare that I have read in its entirety and understand the Stipulation and

Protective Order that was issued by the United States District Court for the Middle

District of Pennsylvania on _____, 200_ in the lawsuit  entitled  *In*

*re Chocolate Confectionary Antitrust Litigation*, MDL Docket No.  1935, Civil

Action No. 1:08-MDL-1935 (CCC) (the "Protective Order").

I agree to comply with and to be bound by all of the terms of the Protective

Order, and I understand and acknowledge that failure to so comply could expose  me

to sanctions and punishment in the nature of contempt.

I further agree to submit to the jurisdiction of the United States District

Court for the Middle District of Pennsylvania for the purpose of enforcing the

terms of this Stipulated Protective Order, even if such enforcement proceedings

occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name:  _____

Signature: _____