IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CHOCOLATE CONFECTIONARY ANTITRUST LITIGATION | : : : : | MDL DOCKET NO. 1935 (Civil Action No. 1:08-MDL-1935) (Judge Conner) |
| THIS DOCUMENT APPLIES TO: ALL CASES | : : : : | |

### CASE MANAGEMENT ORDER NO. 11
### RE: CLASS CERTIFICATION AND MERITS DISCOVERY

AND NOW, this 30th day of September, 2009, upon consideration of the oral argument held on September 29, 2009, wherein the parties proposed competing schedules for discovery and briefing of class certification, and the court recognizing that Rule 23 requires resolution of class certification at "an early practicable time" following the initiation of suit, FED. R. CIV. P. 23(c)(1)(A), and that "[b]ifurcated discovery is warranted if the interests of economy and reduced costs outweigh any minimal prejudice which would befall plaintiffs from delaying discovery on the merits," In re Rail Freight Fuel Surcharge Antitrust Litig., 258 F.R.D. 167, 169 (D.D.C. 2009), and the court finding that substantial overlap between class and merits discovery is likely, and that concurrent discovery will promote judicial economy, produce fewer discovery disputes, and result in greater overall efficiency, it is hereby ORDERED that:

1. **DOCUMENT DISCOVERY.** The stay of discovery in the above-captioned matter is LIFTED.[1] The parties are directed to proceed with

---

[1] The stay of discovery was imposed in Paragraph 6 of the order of court (Doc. 19) dated April 15, 2008. That Paragraph is VACATED.

class and merits discovery concurrently. The parties shall make their best efforts to ensure that document production is substantially completed by May 1, 2010.

2. **RULE 26(f) DISCOVERY PLAN.** The parties shall submit a joint discovery plan pursuant to Rule 26(f)(3) on or before October 30, 2009.

3. **DIRECT PURCHASER PLAINTIFFS' CLASS CERTIFICATION BRIEFING, EXPERT REPORTS & HEARING ON CLASS CERTIFICATION.**

   a. **Briefing Schedule & Length of Briefs.** The following schedule shall govern briefing on the Direct Purchaser Plaintiffs' motion for class certification:

      i. Direct Purchaser Plaintiffs shall file a motion and supporting brief on or before October 1, 2010. The brief in support of the motion shall not exceed 60 pages in length.

      ii. Defendants shall file a brief in opposition to the motion on or before December 1, 2010. The brief in opposition shall not exceed 60 pages in length.

      iii. Direct Purchaser Plaintiffs may file a reply brief on or before February 1, 2011. The reply brief shall not exceed 30 pages in length.

   b. **Direct Purchaser Plaintiffs' Expert Reports & Depositions.** The following schedule shall govern the production of expert reports and any subsequent depositions.

      i. Direct Purchaser Plaintiffs shall disclose expert reports in support of the motion for class certification on or before October 1, 2010.

      ii. Defendants may depose Direct Purchaser Plaintiffs' expert(s) on or before November 1, 2010.

      iii. Defendants shall disclose expert reports in support of the brief in opposition to Direct Purchaser Plaintiffs' motion for class certification on or before December 1, 2010.

        iv.    Direct Purchaser Plaintiffs may depose defendants' expert(s) on or before January 10, 2011.

    c.    **Hearing on Direct Purchaser Plaintiffs' Motion for Class Certification.**  The court shall conduct a hearing on the motion for class certification of the Direct Purchaser Plaintiffs beginning March 1, 2011.

    d.    **Summary Judgment.**  A schedule governing briefing for summary judgment shall issue by future order of court.

4.    **INDIRECT PURCHASER FOR RESALE PLAINTIFFS' CLASS CERTIFICATION BRIEFING, EXPERT REPORTS & HEARING ON CLASS CERTIFICATION.**

    a.    **Briefing Schedule & Length of Briefs.**  The following schedule shall govern briefing on the Indirect Purchaser for Resale Plaintiffs' motion for class certification:

        i.    The Indirect Purchaser for Resale Plaintiffs shall file a motion and supporting brief on or before June 1, 2011. The brief in support of the motion shall not exceed 60 pages in length.

        ii.    Defendants shall file a brief in opposition to the motion on or before August 1, 2011.  The brief in opposition shall not exceed 60 pages in length.

        iii.    The Indirect Purchaser for Resale Plaintiffs may file a reply brief on or before September 30, 2011.  The reply brief shall not exceed 30 pages in length.

    b.    **Indirect Purchaser for Resale Plaintiffs' Expert Reports & Depositions.**  The following schedule shall govern the production of expert reports and any subsequent depositions.

        i.    The Indirect Purchaser for Resale Plaintiffs shall disclose expert reports in support of the motion for class certification on or before June 1, 2011.

        ii.    Defendants may depose the Indirect Purchasers for Resale Plaintiffs' expert(s) on or before July 1, 2011.

      iii.    Defendants shall disclose expert reports in support of the brief in opposition to the Indirect Purchaser for Resale Plaintiffs' motion for class certification on or before August 1, 2011.

      iv.    The Indirect Purchaser for Resale Plaintiffs may depose defendants' expert(s) on or before September 1, 2011.

   c.   **Hearing on the Indirect Purchaser for Resale Plaintiffs' Motion for Class Certification.** The court shall conduct a hearing on the motion for class certification of the Indirect Purchaser for Resale Plaintiffs beginning November 1, 2011.

   d.   **Summary Judgment.** A schedule governing briefing for summary judgment shall issue by future order of court.

5. **INDIRECT END USER PLAINTIFFS' CLASS CERTIFICATION BRIEFING, EXPERT REPORTS & HEARING ON CLASS CERTIFICATION.** Class certification briefing and the disclosure of expert reports pertaining to the Indirect End User Plaintiffs' motion for class certification shall commence ninety (90) days after the court issues a summary judgment order in the Direct Purchaser Plaintiffs' action. A schedule governing these matters shall issue by future order of court.

6. **INDIVIDUAL PLAINTIFFS' SUMMARY JUDGMENT BRIEFING SCHEDULE.** An order setting forth a briefing schedule for Rule 56 motions on the Individual Plaintiffs' action shall issue following the court's order on class certification in the Direct Purchaser Plaintiffs' action.

 

                                                               S/ Christopher C. Conner
                                                             CHRISTOPHER C. CONNER
                                                              United States District Judge